UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Leslie Woodruff, as personal representative of the estate of Gregg Woodruff,

Case No. 3:09-cv-12594

Plaintiff,

v.

**ORDER**

R.J. Reynolds Tobacco Company and
Philip Morris USA, Inc.,

Defendants.
_____

This matter is before the Court on several Motions in Limine that the parties represent remain pending.

**A.  Plaintiff's Case-Specific Motions**

**1.  To exclude argument that Mr. Woodruff's alleged, unquantified exposure to unidentified occupational chemicals caused or contributed to his bladder cancer.**

Plaintiff argues that this argument is baseless and unfairly prejudicial because Defendants have failed to present any evidence that identifies a chemical to which Mr. Woodruff was exposed, quantifies that exposure, and shows that the exposure caused his bladder cancer.  Plaintiff insists that the opinion of Defendants' expert, Dr. Steinberg, that it is "possible and likely" that Mr. Woodruff could have been exposed to occupational chemicals that "may have contributed to his bladder cancer" due to his job title as a tool-and-die maker is speculative.  Defendants counter that Dr. Steinberg's opinion is based on the various potential risk factors for bladder cancer, the fact that Mr.

Woodruff continued to smoke for many years after his bladder cancer was removed without any recurrence of that cancer, the likelihood that his cancer was caused by "a multitude of metabolic, genetic and environmental factors," and the possibility that his work as a tool-and-die maker would have exposed him to "solvents, petroleum based products, nitrosamines, and aromatic hydrocarbons classified as carcinogens . . . that may have contributed to his bladder cancer."

Ultimately, a defendant may offer evidence of potential alternative causes of a disease or injury without needing to prove those alternative-cause theories with certainty or probability. See Aycock v. R.J. Reynolds Tobacco Co., 769 F.3d 1063, 1069-70 (11th Cir. 2014) (stating that any other rule would "improperly shift[] the burden of proof"). Dr. Steinberg's opinion therefore provides enough support to allow Defendants to make this argument. The Court denies the Motion.

### 2. To exclude evidence of Ms. Woodruff's nursing license suspension and past painkiller usage.

Plaintiff argues that this evidence is irrelevant, unfairly prejudicial, did not result in a conviction, and is not probative of her character for truthfulness. Defendants counter that the evidence is relevant to Mr. Woodruff's reasons for smoking and the quality of the Woodruffs' marital relationship. In a previous case, the Court excluded evidence of arrests or criminal convictions of Engle plaintiffs and their family members. See In re Engle Cases, No. 3:09-cv-10000, Dkt. 1344, ¶ 24 (M.D. Fla. Dec. 27, 2013). For the same reasons, the Court grants the Motion.

### 3. To exclude evidence of Mr. Woodruff's past alcohol use and his father's alcoholism.

Defendants represent that they do not intend to introduce this evidence. The Court denies the Motion as moot.

### 4. To exclude evidence of Mr. Woodruff's strained relationship with his stepson, his subsequent arrest, and Ms. Woodruff's divorce petition.

Plaintiff argues that this evidence is irrelevant and unfairly prejudicial because any stress as a result of these isolated and long-ago incidents would not likely have caused Mr. Woodruff to smoke more, the evidence is not probative of Ms. Woodruff's current damages, and the evidence's potential prejudice outweighs its probative value. Defendants counter that they are entitled to introduce evidence of familial discord given that Ms. Woodruff has placed her relationship with Mr. Woodruff at issue by seeking damages based on that relationship. As noted above, the Court previously excluded evidence of arrests or criminal convictions of Engle plaintiffs and their family members. See id.  But there, the Court admitted evidence of personal family issues, like children out of wedlock, extramarital affairs, and re-marriages. Id. ¶ 42. For the same reasons, the Court will exclude evidence of Mr. Woodruff's arrest and admit evidence of his strained relationship with his son and Ms. Woodruff's divorce petition. The Court grants in part and denies in part the Motion. The denial is without prejudice to specific objections at trial.

> **5. To exclude evidence of Mr. Woodruff's purported risk-taking behaviors.**

Defendants represent that that they do not intend to introduce this evidence. The Court denies the Motion as moot.

> **6. To exclude evidence or argument that Mr. Woodruff lived in a "trailer," "trailer park," or "mobile home."**

Defendants represent that they do not intend to introduce or argue about this evidence to establish the Woodruffs' economic status. The Court denies the Motion as moot.

> **7. To exclude evidence or argument suggesting that Mr. Woodruff personally remodeled his home while ill.**

Defendants represent that they do not intend to introduce or argue about this evidence to establish Mr. Woodruff's health status. The Court denies the Motion as moot.

> **8. To exclude evidence or argument that Mr. Woodruff destroyed his medical records.**

Plaintiff argues that this evidence is irrelevant, unfairly prejudicial, speculative, and hearsay because she was not present when Mr. Woodruff burned his medical records while he was suffering from bladder cancer, she could not remember when he did so, and the record does not support that he did so in bad faith. Defendants counter that the destroyed records date back at least to 1995; included records on relevant topics like nicotine patches, surgeries, chemotherapy, and hospital visits; and the jury must be able to assess Ms. Woodruff's credibility on this issue and determine whether Mr. Woodruff destroyed the records after filing this lawsuit. The Court agrees that Mr. Woodruff's

4

burning of the records is relevant to his state of mind about the validity of his claims. But there is insufficient evidence of bad faith that would allow Defendants to draw an adverse inference from that event. See Bashir v. Amtrak CSX, 119 F.3d 929, 933 (11th Cir. 1997). The Court denies the Motion to that extent.

**9.     To exclude evidence of Mr. Woodruff's workplace evaluations.**

Plaintiff argues that this evidence is hearsay because the nearly two-decade-old employee performance evaluations lack sufficient indicia of reliability as they include personal attacks, are challenged by Mr. Woodruff, appear to be incomplete, and do not have a foundational witness. Plaintiff also argues that the evidence is irrelevant because the evaluations do not bear on his addiction to cigarettes and subsequent illness and death. Defendants counter that the evidence is relevant to damages because Ms. Woodruff is seeking loss of economic support and Mr. Woodruff's employment history and earning capacity are therefore at issue. Defendants also counter that the evaluations are admissible hearsay as business records routinely made and kept by employers in the ordinary course of business. The Court denies the Motion without prejudice to specific objections at trial.

**10.     To exclude evidence concerning Ms. Woodruff's prior marriages.**

Defendants represent that they do not intend to introduce the evidence. The Court denies the Motion as moot.

**B.      Defendants' All-Cases Motions**

   **1.      To bar improper arguments and evidence.**

Defendants argue that Plaintiff should be prohibited from offering evidence or argument that (1) suggests they are acting in bad faith, continuing a conspiracy, or "failing to take responsibility" by defending themselves in this case; and (2) compares their conduct to criminal or depraved conduct like that of child predators, murderers, and war criminals.  Plaintiff counters that, through these types of evidence and argument, it is simply highlighting the weaknesses in Defendants' case, commenting on witnesses' credibility, and suggesting inferences based on the record.  In the Court's view, these forms of evidence and argument serve only to inflame the jury and are unfairly prejudicial.  The Court grants the Motion.

   **2.      To exclude speculation about what the smoker "would have done."**

Defendants argue that previous Engle plaintiffs have sought to elicit testimony about what the smoker "would have done" had Defendants acted differently and that such speculation should be excluded here.  Plaintiff counters that the Court should defer its ruling on this issue until trial.  The Court denies the Motion without prejudice to specific objections at trial.

   **3.      To prevent Plaintiff from using a "timeline" demonstrative.**

Defendants argue that Plaintiff should be precluded from continuously developing throughout the presentation of her case a single demonstrative timeline similar to those allowed in previous Engle trials.  Defendants urge that adding to the same timeline will improperly elicit testimony across multiple fact witnesses.  Plaintiff counters that the

6

timeline aids the jury in understanding the evidence in a complicated trial. The Court finds nothing problematic with Plaintiff using a multi-witness timeline demonstrative to assist in the presentation of her case. The Court denies the Motion.

### 4. To exclude irrelevant hearsay materials prepared by Gallup employees.

Defendants argue that this evidence that critiques the use of polling results by an expert in a previous tobacco trial is hearsay, irrelevant, and unfairly prejudicial. Plaintiff counters that she only intends to use the documents to cross-examine Defendants' experts. The Court grants the Motion for the same reasons as discussed in <u>Sowers v. R.J. Reynolds Tobacco Co.</u>, No. 3:09-cv-11829, Dkt. 76, 4 (M.D. Fla. Jan. 23, 2015).

### 5. To exclude evidence about the potential acquisition of Lorillard, Inc. by Reynolds American, Inc.

Defendants argue that this evidence is irrelevant and unfairly prejudicial because the value of Lorillard, Inc. would improperly inflate potential damages or punitive damages awards. Plaintiff counters that she does not intend to introduce the evidence in Phase I, but reserves the right to do so in Phase II. The Court denies the Motion as moot as to Phase I and denies the Motion without prejudice to further argument at trial as to Phase II.

## C. Defendants' Case-Specific Motions

### 1. To exclude Dr. Burns' opinion that changes in cigarette design have increased the risk of developing adenocarcinoma.

Defendants argue that this evidence is irrelevant and unfairly prejudicial because Mr. Woodruff had bladder cancer, not adenocarcinoma (otherwise known as lung

7

cancer).  Plaintiff counters that it does not intend to introduce the evidence on direct examination, but only to rebut if Defendants' introduce evidence showing that cigarettes have become safer over the years.  The Court denies the Motion without prejudice to specific objections at trial.

> **2.      To exclude evidence of COPD and PVD.**

Defendants argue that this evidence is irrelevant and unfairly prejudicial because Plaintiff claims damages only for bladder cancer, not COPD and PVD.  Plaintiff counters that, because smoking also causes COPD and PVD, the evidence is relevant to whether Mr. Woodruff had sufficient cigarette exposure to cause his bladder cancer and whether he was addicted to nicotine.  The Court denies the Motion without prejudice to specific objections at trial.

> **3.      To exclude hearsay testimony about Mr. Woodruff's purported smoking history.**

Defendants argue that this evidence is hearsay because no witness has personal knowledge regarding much of Mr. Woodruff's smoking history.  Plaintiff counters that Defendants' request is premature because they fail to indicate specific examples of inadmissible hearsay for the Court to analyze.  The Court denies the Motion without prejudice to specific objections at trial.

> **4.      To exclude evidence about underage smoking and youth marketing.**

Defendants argue that this evidence is irrelevant and unfairly prejudicial because the record contains no admissible evidence of Mr. Woodruff smoking as a youth. Defendants alternatively seek to exclude evidence of youth marketing campaigns that

occurred after Mr. Woodruff reached the age of majority or that focused on brands he did not smoke. Plaintiff counters that youth marketing is relevant to addiction, causation, reliance, comparative fault, and punitive damages. Judges in this District have consistently denied the Motion in previous cases. See, e.g., Duke v. R.J. Reynolds, 3:09-cv-10104, Dkt. 105, 2 (M.D. Fla. Feb. 17, 2012). For the same reasons, the Court denies the Motion here.

     **5.**     **To exclude evidence of alleged abuse or marital strife involving Ms. Woodruff's ex-husbands.**

Defendants argue that this evidence is irrelevant and unfairly prejudicial because Ms. Woodruff seeks damages for the death of her third husband, Mr. Woodruff, and not her two ex-husbands. Plaintiff counters that the evidence is relevant to the strength of Ms. Woodruff's marriage to Mr. Woodruff and the severity of her loss. The Court grants the Motion.

     **6.**     **To exclude evidence of Ms. Woodruff's 2013 foreclosure.**

Defendants argue that this evidence is irrelevant and unfairly prejudicial because the foreclosure happened after Mr. Woodruff died. Plaintiff counters that the evidence is relevant to show the economic losses resulting from Mr. Woodruff's death, as well as her pain and suffering from having to deal with the foreclosure without her husband's emotional support. The Court grants the Motion.

     **7.**     **To exclude evidence of Mr. Woodruff's pain and suffering.**

Defendants argue that this evidence is irrelevant because Ms. Woodruff, by bringing a wrongful-death claim, can only recover for her pain and suffering, not Mr.

Woodruff's. Plaintiff counters that the evidence is relevant because it affects the extent of her pain and suffering and because she also brings a survival claim, under which she can recover for Mr. Woodruff's pain and suffering. The Court denies the Motion without prejudice to further argument at trial.

D.  **Defendants' Daubert Motions**

   1.  **To limit the testimony of Robert Proctor, Ph.D.**

Defendant argues that Dr. Proctor may not testify that (1) they are engaged in an "ongoing conspiracy" of any sort because he did not disclose that opinion in his expert report, or (2) they presently have "failed to admit" certain facts because that opinion is irrelevant. Plaintiff counters that she does not intend to examine Dr. Proctor about any conspiracy, but that she does intend to introduce Dr. Proctor's opinion that Defendants continue to deny certain facts about the addictive nature and health effects of cigarettes, as relevant to Defendants' statute-of-repose defense and punitive damages. The Court denies the Motion as moot as to the "ongoing conspiracy" statement and denies the Motion without prejudice to specific objections at trial as to the "failed to admit" statement.

   2.  **To exclude testimony of Neil Grunberg, Ph.D. about**

       a.  **Smoking cessation aids**

Defendants argue that Dr. Grunberg may not testify about smoking cessation aids because he did not disclose the opinion in his expert report and because it is speculative and lacking in foundation. Dr. Grunberg may testify only as to matters disclosed in his expert report. The Court grants the Motion to that extent.

10

### b. "Minimum effective dose"

Defendants argue that Dr. Grunberg may not testify about "minimum effective dose" because he lacks the expertise required to offer the opinion. In the Court's view, Dr. Grunberg is qualified to opine on addiction and the minimum effective does of nicotine for the reasons discussed in Dover v. R.J. Reynolds, No. 3:09-cv-11531, Dkt. 47, 16-17 (M.D. Fla. Sept. 22, 2014). The Court denies the Motion.

### c. Medical and public health history

Defendants argue that Dr. Grunberg may not testify about the medical cause of Mr. Woodruff's smoking-related diseases because he is not a medical doctor. In the Court's view, Dr. Grunberg has the necessary experience and expertise to opine on this subject for the reasons discussed in Kerrivan v. R.J. Reynolds, No. 3:09-cv-13703, Dkt. 53 (M.D. Fla. Sept. 30, 2014). The Court denies the Motion.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Case-Specific Motions in Limine (Docket No. 22) are **GRANTED in part** and **DENIED in part** as set forth above;

2. Defendants' Motion to Limit the Testimony of Robert Proctor, Ph.D. (Docket No. 23) is **DENIED** as set forth above;

3. Defendants' All-Cases Motions in Limine (Docket No. 24) are **GRANTED in part** and **DENIED in part** as set forth above;

4. Defendants' Motion to Exclude Certain Testimony of Neil Grunberg, Ph.D. (Docket No. 25) is **GRANTED in part** and **DENIED in part** as set forth above; and

5. Plaintiff's Case-Specific Motions in Limine (Docket No. 26) are **GRANTED in part** and **DENIED in part** as set forth above.

Dated: February 6, 2015                    *s/ Paul A. Magnuson*
                                           Paul A. Magnuson
                                           United States District Court Judge